# In the United States District Court for the Western District of Texas

| | |
|---|---|
| MANUEL VALLEJO | §<br>§ |
| v. | §<br>§   SA-12-CV-270-XR |
| NORTHEAST I.S.D. | §<br>§ |

## ORDER

On this day came on to be considered Plaintiff's motion for conditional class certification (docket no. 16).

## Background

In his amended complaint, Plaintiff alleges that he is a former employee of the school district.  He does not specify what his job title or duties were.[1]  He alleges that his supervisor was Roderick Jackson from March 23, 2009 through the date of his termination (no date specified).  Plaintiff alleges that he was required to work in excess of forty hours per week and was not paid overtime wages.  He alleges that Mr. Jackson would alter his time records and those of other employees in his department.  He brings suit seeking the denied overtime wages pursuant to the Fair Labor Standards Act (FLSA).  He further alleges that after he reported the improper alteration of the time cards he was subjected to retaliation.  Finally, he requests that a class be conditionally certified of all similarly situated employees who worked under the supervision of Mr. Jackson.

---

[1] In his motion for conditional class certification, Plaintiff does not state what his job title was, but states he worked in the procurement and Ecommerce department.  Defendant states in its response that Plaintiff was employed as a Material Handler from March 23, 2009 until August 9, 2011.

## Analysis

The Fifth Circuit has declined to adopt a specific test for determining whether to certify a collective action pursuant to 29 U.S.C. § 216(b). *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995). The prevailing analysis used by federal courts, however, and the analysis adopted by the Court in this case, is the two-stage test set forth in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). *Mooney*, 54 F.3d at 1212; *see also Detho v. Bilal*, C.A. No. H–07–2160, 2008 WL 1730542 (S.D. Tex. Apr.10, 2008); *Bernal v. Vankar Enterprises, Inc.,* C.A. No. SA–07–CA–695–XR, 2008 WL 791963 (W.D. Tex. Mar. 24, 2008). Explaining the *Lusardi* test, the Fifth Circuit stated:

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision-usually based only on the pleadings and any affidavits which have been submitted-whether notice of the action should be given to potential class members. Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.
> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives i.e. the original plaintiffs-proceed to trial on their individual claims.

*Mooney*, 54 F.3d at 1213–14.

To determine whether conditional certification is appropriate, the Court must determine whether the potential class Plaintiffs are "similarly situated" to the named Plaintiff. 29 U.S.C. § 216(b).  This determination is based solely on the pleadings and affidavits and the standard is a lenient one, typically resulting in conditional certification of a representative class to whom

notice is sent and who receive an opportunity to opt in.  In this case, however, the Court agrees with Defendant that Plaintiff has failed to meet this lenient standard.  The amended complaint is vague.  The affidavit supplied by the Plaintiff does not indicate how many other non-exempt employees Mr. Jackson supervised, and only states that Plaintiff "believes" that the practice of altering time records "was happening with me and other employees in the department."  Even applying a lenient standard, the affidavit is deficient.

## Conclusion

Plaintiff's motion for conditional class certification (docket no. 16) is denied.

SIGNED this 17th day of October, 2012.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE